# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEN BAGLEY<br>336 Edmonds Ave.<br>Drexel Hill, PA 19026<br><br>Plaintiff,<br><br>v.<br><br>UPPER DARBY TOWNSHIP<br>100 Garrett Road<br>Upper Darby, PA 19082<br><br>and<br><br>UPPER DARBY TOWNSHIP<br>POLICE DEPARTMENT<br>7236 West Chester Pike<br>Upper Darby, PA 19082<br><br>and<br><br>JOHN MCLAUGHLIN – SOLICITOR<br>100 Garrett Road<br>Upper Darby PA, 19082<br><br>and<br>JOHN DOE DEFENDANTS Nos. 1-10<br>Defendants | JURY DEMANDED<br><br>No. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Len Bagley, is an adult individual residing at the above address.

2. Defendant, Upper Darby Township ("Defendant") is organized under the laws of the Commonwealth of Pennsylvania with the capacity to sue and be sued.

3. Defendant, Upper Darby Township Police Department ("Defendant") is organized under the laws of the Commonwealth of Pennsylvania with the capacity to sue and be sued. The

State Police Department is a legal and political entity responsible for the maintaining public safety, order and enforcing the laws of the Commonwealth of Pennsylvania.

4. Defendant, John Mclaughlin, City Solicitor ("Defendant") is organized under the laws of the Commonwealth of Pennsylvania with the capacity to sue and be sued.

5. Defendants, John Does Nos. 1-10 are officials, state troopers, police officers and/or other public officials acting under color of state law who were involved in the following incident set forth in Plaintiff's complaint and at all times material hereto were acting under color of state law and are being sued in their individual and official capacities.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**II. Operative Facts.**

8. Plaintiff, Len Bagley, is an African American man that has been harassed, assaulted and discriminated against by his Caucasian neighbors because of his race.

9. In April 2021, Bagley had a confrontation with his neighbor Michael Laputnik about his parking habits. Bagley requested that Laputnik not park in the road due to damage to his property and safety concerns while getting in and out of his vehicle because of traffic.

10. Laputnik immediately went into a tirade about how Bagley was a faggot and he was going to lose his black card. From then on, it's been one threat or racial slur after another.

11. Laputnik began obstructing Bagley's vehicle, but when officers informed him that he could not park there, Laputnik disregarded their instructions and persisted in parking there.

12.     Furthermore, Laputnik constructed an illegal driveway that is still being utilized today. On another occasion, when Laputnik was exiting his yard, he collided with Bagley's fence.

13.     Bagley has been threatened by Laputnik's brother and other acquaintances, who have even gone so far as to urinate on Bagley's property.

14.     Laputnik deliberately parks his vehicle in his own yard and uses his high beams to obstruct Bagley's use of his yard, forcing Bagley to keep his curtains closed.

15.     Bagley cannot allow his children to go outside without him because Laputnik answers the door naked.

16.     Laputnik set off fireworks near Bagley's vehicle and directed them towards his house.

17.     Laputnik was seen spraying the word "DICK" on a sign, then directing it towards Bagley's residence. The police intervened and instructed him to remove it.

18.     Bagley then presented evidence to the Delaware county DAs office, including videos and pictures, which resulted in the issuance of a criminal referral for harassment to the police department.

19.     On or around 9/13/2022, Laputnik obstructed Bagley's truck, rendering it immobile.

20.     Bagley confronted him, and Laputnik sprayed a chemical substance in Bagley's face when he crossed over to Bagley's side of the property line.

21.     Bagley defended himself, but initially, the police officers took Laputnik's side.

22.     The officers stance changed when they realized that Bagley had recorded the incident with a camera.

23. The officers promptly called a paramedic to rinse Bagley's eyes, and they began searching for the bottle that Laputnik had used to spray him.

24. Whenever Laputnik drives out of his yard (which is parked illegally), he ends up hitting Bagley's gate.

25. Laputnik deliberately blocks the access road frequently. Bagley has had to stop parking behind his house in order to avoid any confrontations.

26. Laputnik and his visitors repeatedly find themselves inside Bagley's fence while engaging in unauthorized parking in the yard.

27. Laputnik's truck and trailer are unlawfully parked, and they are situated next to the gas pump utilized by the fire station.

28. Bagley was conversing with his sister outside his residence around January 9th, 2023 when Laputnik rode past and displayed an offensive gesture.

29. As a result, Bagley is unable to utilize the rear section of his house and cannot even engage in a discussion in front of his home. Plaintiff has complained to Defendants consistently to no avail. Contrarily, Defendants have issued citations to Plaintiff instead of his White neighbor who has been and is still harassing Plaintiff almost daily.

30. Laputnik referred to Bagley as a "Fucking Karen" after Bagley reported a code violation to authorities.

31. Later, Laputnik constructed an impromptu grave with a label that read "R.I.P. Karen". This message was placed in a location that Bagley could see from the back of his house.

32. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: imprisonment, great economic loss, future lost earning

capacity, lost opportunity, loss of future wages, as well as emotional distress, mental anguish, humiliation, pain and suffering, personal injury and consequential damages.

**III. Causes of Action.**

### COUNT ONE – SECTION 1981 VII VIOLATION
### RACE DISCRIMINATION

33. Plaintiff incorporates paragraphs 1-32 as if fully set forth at length herein.

34. The acts and conducts of the Defendants, as stated above where Plaintiff, a black man, was not protected from the harassment of his Caucasian neighbor, on the basis of race was a violation of the Civil Rights Act, 42 U.S.C. §1981.

35. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: imprisonment, great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well as emotional distress, mental anguish, humiliation, pain and suffering, personal injury and consequential damages.

36. As a result of the conduct of Defendants, Plaintiff hereby demands punitive damages.

37. Pursuant to 42 U.S.C. §1983, Plaintiff demands attorney's fees and court costs.

### COUNT TWO –SECTION 1981 VIOLATION
### RETALIATION

38. Plaintiff incorporates paragraphs 1-37 as if fully set forth at length herein.

39. The acts and conducts of the Defendants as stated above where Plaintiff, a black man, was not protected from the harassment of his Caucasian neighbor was a violation of the Civil Rights Act 42 U.S.C. Section 1981. Furthermore, Plaintiff was issued citations by Defendants after he complained multiple times.

40. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: imprisonment, great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well as emotional distress, mental anguish, humiliation, pain and suffering, personal injury and consequential damages.

41. As a result of the conduct of Defendants, Plaintiff hereby demands punitive damages.

42. Pursuant to 42 U.S.C. §1983, Plaintiff demands attorney's fees and court costs.

### COUNT THREE- SECTION 1983 VIOLATION
### DEPRIVATION OF CONSTITUTIONAL RIGHTS BY DEFENDANTS UNDER COLOR OF STATE LAW

43. Plaintiff incorporates paragraphs 1-42 as if fully set forth at length herein.

44. The acts and conducts of Defendants as stated above where Plaintiff's Constitutional rights and rights under federal law were violated by Defendants under color of state law were violations of the Civil Rights Act, 42 U.S.C. Section 1983.

45. As a direct result of the said acts and conducts of Defendants in violation of this statute, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damage to reputation.

**VI.   PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully demands judgment against Defendants, and request that this Honorable Court:

A. Enter judgment against the Defendants for back pay, front pay, loss income, loss benefits, pre and post judgment interests, costs of suit, punitive damages against the

individual defendants compensatory damages, attorneys' fees and expert witness fees as permitted by law; and

  B. Award such other relief, as the Court may deem necessary and just.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this complaint.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _/s/ Briana Lynn Pearson, Esquire_
   BRIANA LYNN PEARSON, ESQUIRE
   (P.A. ID 327007)
   Two Penn Center, Suite 1240
   1500 John F. Kennedy Boulevard
   Philadelphia, PA 19102
   Telephone: 215-944-6113
   Telefax: 215-627-9426
   Email: brianap@ericshore.com
   *Attorney for Plaintiff, Len Bagley*

Date: May 5, 2023