IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEN BAGLEY | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | No. 23-1747 |
| | : | |
| UPPER DARBY TOWNSHIP, *et al.* | : | |
| | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                                    **August 7, 2023**

This civil rights case arises from a series of disputes between neighbors, and municipal actors' response thereto. Defendants Upper Darby Township, Upper Darby Police Department, and John McLaughlin move to dismiss Plaintiff Len Bagley's Amended Complaint. Because state actors are not liable under 42 U.S.C. § 1981 as a matter of law, counts one and two will be dismissed with prejudice. And because Bagley fails to plausibly allege facts to support municipal liability, his § 1983 claims will be dismissed without prejudice.

**FACTS**

In April of 2021, Bagley, an African American man, began having confrontations with his white neighbor, Michael Laputnik, about parking. Am. Compl. ¶ 9, ECF No. 9. Laputnik would block Bagley's vehicle, run into his fence, and shine his high beams into Bagley's house. *Id.* ¶¶ 11-14, 24. When Bagley confronted Laputnik about his behavior, Laputnik responded with threats and slurs. *Id.* ¶¶ 10, 13. Laputnik also set off fireworks aimed at Bagley's house, wrote a sign referring to Bagley as a "dick," and had a friend urinate on Bagley's property. *Id.* ¶¶ 13, 15-17. On September 13, 2022, Bagley approached Laputnik about obstructing his vehicle, to which Laputnik responded by spraying a chemical substance in his face. *Id.* ¶¶ 19-20. Police officers

called to the scene initially took Laputnik's side, but once they realized Bagley had recorded the incident, they changed their stance. *Id.* ¶¶ 20-22.

Bagley brought these incidents to the attention of the Delaware County District Attorney's office, which "resulted in the issuance of a criminal referral for harassment to the police department." *Id.* ¶ 18. However, the only action Defendants have taken has been against Bagley, to whom they issued various citations. *Id.* ¶ 29. After Bagley reported Laputnik for a code violation, Laputnik called Bagley a "Fucking Karen" and constructed a grave labelled "R.I.P. Karen." *Id.* ¶¶ 30-31.

Bagley alleges that, as a result of Defendants' failure to protect him "from the harassment of his Caucasian neighbor," he has sustained great economic loss, imprisonment in his own home, mental distress, and personal injury. *Id.* ¶¶ 34-35. He brings claims for relief under 42 U.S.C. §§ 1981 and 1983. After an initial motion to dismiss, Bagley amended his complaint in lieu of filing a  response. *See* ECF Nos. 6, 7. Defendants filed a second motion to dismiss.

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "does not need detailed factual allegations" if it contains something "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But the plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). This

Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

**DISCUSSION**

The vast majority of Bagley's Amended Complaint is focused on Laputnik, rather than Defendants. The sum of the few relevant facts regarding Defendants' conduct does not plausibly allege the requirements of municipal liability. The Amended Complaint will therefore be dismissed.

Counts one and two of Bagley's Amended Complaint bring claims against Defendants under 42 U.S.C. § 1981, which prohibits discrimination on the basis of race. Am. Compl. ¶¶ 34, 39, ECF No. 9. That statute, however, does not provide a remedy against state actors. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731 (1989). The exclusive federal remedy for discrimination on the basis of race against state actors is 42 U.S.C. § 1983. *Id.* at 733. Because all Defendants are state actors, these counts will be dismissed.[1]

Count three alleges Defendants violated 42 U.S.C. § 1983 by depriving Bagley of his constitutional rights. *Id.* ¶ 44. Section 1983 does not itself create substantive rights, but instead provides a remedy for a deprivation of "rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. To successfully plead a violation, a plaintiff must "identify the exact contours of the right said to have been violated." *Cnty. of Sacramento v. Lewis*, 523 U.S.

---

[1] Defendant John McLaughlin is not mentioned once in the "Operative Facts" section of the Amended Complaint. However, McLaughlin is City Solicitor of Upper Darby Township, and "state employment is generally sufficient to render the defendant a state actor." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal citation omitted). Because there are no facts about McLaughlin in the Amended Complaint, the § 1983 claim against him will also be dismissed, but without prejudice. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding that personal involvement is a prerequisite to individual liability under § 1983).

833, 841 n.5 (1998). Bagley's Amended Complaint complains only that his "Constitutional rights and rights under federal law" were violated. Am. Compl. ¶ 44, ECF No. 9. Because Bagley fails to identify what rights Defendants allegedly violated, his claim under § 1983 must fail.

Further, the Amended Complaint does not allege sufficient facts to state a claim for municipal liability against the Township.[2] A municipality may not be held liable for a § 1983 claim under a theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a plaintiff must allege a policy, pattern, or practice which caused the violation of their rights. *Id.* at 691. Bagley fails to "identify a custom or policy" of Defendant Upper Darby Township, or "specify what exactly that custom or policy was." *McTernan v. City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009). Alleging that he "complained to Defendants consistently to no avail" does not establish a municipal policy or custom, as it only refers to Defendants' treatment of *him*. *See, e.g.*, *Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995) ("[One] case standing alone does not provide sufficient proof of a policy or custom to satisfy the dictates of § 1983."); *Schlaybach v. Berks Heim Nursing & Rehab.*, 434 F. Supp. 3d 342, 352 (E.D. Pa. 2020) (holding that when a complaint fails to allege a pattern of similar behavior, it does not plausibly plead a policy, practice, or custom, as opposed to an "unfortunate, isolated incident"). Bagley fails to allege Upper Darby is "actually responsible" for the violation of his rights, so his § 1983 claim must be dismissed on this basis as well. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

---

[2] Bagley brings this claim against Upper Darby Township as well as the Upper Darby Township Police Department. However, a municipality and a local police department cannot both be sued under 42 U.S.C. § 1983, "because the police department is merely an administrate arm of the local municipality, and is not a separate judicial entity." *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (internal citation omitted). Therefore, dismissal of Bagley's § 1983 claim against the Upper Darby Township Police Department will be with prejudice.

Federal Rule of Civil Procedure 15(a) requires the Court to "freely give leave" to amend "when justice so requires." But amendment is not permitted where it would be futile, such that there are no facts which could be added to the complaint that would properly state a claim. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Because, as state actors, Defendants may not be found liable under 42 U.S.C. § 1981 as a matter of law, dismissal of counts one and two will be with prejudice. Because it is possible that pleading additional factual allegations could support a claim for personal and/or municipal liability under § 1983, count three will be dismissed without prejudice as to Defendants John McLaughlin and Upper Darby Township only.

An appropriate Order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.