IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEN BAGLEY | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-1747 |
| | : | |
| UPPER DARBY TOWNSHIP and JOHN MCLAUGHLIN | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                                   November 21, 2023

      This civil rights case arises from a series of disputes between neighbors, and municipal actors' response thereto. Defendant John McLaughlin moves to dismiss Plaintiff Len Bagley's Second Amended Complaint for failure to state a claim on which relief may be granted. Because Bagley fails to allege McLaughlin's personal involvement in the wrongful conduct, and because the Court finds further leave to amend would be futile, the motion to dismiss will be granted with prejudice.

**FACTS**

      In April 2021, Len Bagley, an African American man, began having confrontations about parking with his white neighbor, Michael Laputnik. Second Am. Compl. ¶¶ 8-9, ECF No. 14. Laputnik would block Bagley's vehicle, run into Bagley's fence, and shine his high beams into Bagley's house. *Id.* ¶¶ 11-14, 24. When Bagley confronted Laputnik about his behavior, Laputnik responded with threats and slurs. *Id.* ¶¶ 10, 13. Laputnik also set off fireworks aimed at Bagley's house, wrote a sign referring to Bagley as a "DICK," and had a friend urinate on Bagley's property. *Id.* ¶¶ 13, 16-17. On September 13, 2022, Bagley approached Laputnik about obstructing his vehicle, to which Laputnik responded by spraying a chemical substance in his face. *Id.* ¶¶ 19-20.

1

Police officers called to the scene initially took Laputnik's side, but once they realized Bagley had recorded the incident, they changed their position. *Id.* ¶¶ 21-22.

Bagley brought these events to the attention of the Delaware County District Attorney's office, which "resulted in the issuance of a criminal referral for harassment to the police department." *Id.* ¶ 18. However, Bagley alleges "Defendants have issued citations to [Bagley] instead of [Laputnik]." *Id.* ¶ 29. After Bagley reported Laputnik for a code violation, Laputnik called Bagley a "Fucking Karen" and constructed a grave labeled "R.I.P. Karen." *Id.* ¶¶ 30-31.

Bagley filed suit against Defendants John McLaughlin, Upper Darby Township, and Upper Darby Police Department on May 5, 2023. ECF No. 1. After an initial motion to dismiss, Bagley amended his complaint in lieu of filing a response. ECF Nos. 6, 7. Defendants John McLaughlin, Upper Darby Township, and Upper Darby Police Department filed a second motion to dismiss, which this Court granted. ECF Nos. 10, 12. While the Court dismissed Bagley's 42 U.S.C. § 1981 claims with prejudice, his 42 U.S.C. § 1983 claims were dismissed without prejudice because the Court recognized the "possibl[ity] that pleading additional factual allegations could support a claim for personal and/or municipal liability under § 1983." Mem. Aug. 7, 2023, at 5, ECF No. 12. Bagley then filed a Second Amended Complaint, alleging McLaughlin and Upper Darby Township's "misconduct and bias" resulted in his great economic loss, imprisonment in his own home, mental distress, and personal injury. *Id.* ¶¶ 50-51. He brings claims for relief under 42 U.S.C. § 1983. McLaughlin has now filed his third motion to dismiss.

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A complaint "does not need detailed factual allegations" if it contains something "more than labels and conclusions." *Twombly*, 550 U.S. at 555. But the plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). This Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

**DISCUSSION**

Counts One and Two of the Second Amended Complaint allege all defendants violated 42 U.S.C. § 1983 by depriving Bagley of his Fourth and Fourteenth Amendment rights. Second Am. Compl. ¶¶ 52-57. The Second Amended Complaint does not plead whether McLaughlin is being sued in his individual or official capacity, but Bagley's response to this motion argues McLaughlin's "acts and/or omissions allow him to be liable to Plaintiff in both his individual and official capacities." Pl.'s Resp. to Mot. Dismiss 4, ECF No. 18. This is not so. "Suits against state officials in their official capacity…should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, any claims against McLaughlin in his official capacity must be dismissed, as they are nothing more than claims against Upper Darby Township itself. *See id.*; *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978) (explaining official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent").

Viewing Bagley's Second Amended Complaint in the light most favorable to him, as the non-moving party, the Court finds it may be interpreted as suing McLaughlin in his individual capacity. *See Hafer*, 502 U.S. at 31 ("[S]tate officials, sued in their individual capacities, are 'persons' within the meaning of § 1983.").

To plead a violation under § 1983, the plaintiff must demonstrate the defendant's "personal involvement in the alleged wrongs." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). The defendant's liability "cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207. "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Chavarriaga*, 806 F.3d at 222. But "[a]llegations of participation or actual knowledge and acquiescence…must be made with appropriate particularity." *Rode*, 845 F.2d at 1207.

The Second Amended Complaint fails to allege McLaughlin's personal involvement in the wrongful conduct with appropriate particularity. Like the Amended Complaint before it, the Second Amended Complaint largely focuses on Laputnik—not McLaughlin. Indeed, Bagley mentions McLaughlin by name only twice: to allege McLaughlin is the City Solicitor employed by Upper Darby, and to explain McLaughlin is being sued under federal law due to his unspecified misconduct and bias. Second Am. Compl. ¶¶ 3, 50.

More specifically, Bagley claims "Defendants [including McLaughlin] have engaged in a pattern or practice of differential treatment of Plaintiff due to his race and ethnicity," which allegedly included "failing to provide adequate and timely responses to Plaintiff's complaints regarding his neighborhood disputes, issuing unwarranted citations, and not enforcing codes

4

equally against Plaintiff's White neighbor(s)." Second Am. Compl. ¶ 32. But there are no allegations suggesting McLaughlin's "participation in or actual knowledge of and acquiescence in the wrongful conduct." *Chavarriaga*, 806 F.3d at 222. Bagley does not contend McLaughlin participated in handling Bagley's complaints, issued citations to Bagley (instead of Laputnik), or exercised preferential treatment with Bagley's neighbors. There are also no factual allegations indicating how McLaughlin acquired actual knowledge of and acquiesced in the wrongful conduct. Bagley vaguely alleging he "complained to Defendants consistently" with "numerous reports" is not enough to plead McLaughlin's actual knowledge. Second Am. Compl. ¶¶ 29, 37; *see Rode*, 845 F.2d at 1208 (allegations of personal knowledge because of filed grievances, telephone calls, correspondence, or media reports "are simply insufficient" to show actual knowledge). Simply alleging McLaughlin is one of the "Defendants" does not come close to satisfying the particularity standard.[1] Pl.'s Resp. to Mot. Dismiss 4.

Accordingly, Counts One and Two will be dismissed as against John McLaughlin. And because the Court previously gave Bagley leave to amend by filing a Second Amended Complaint, the Court finds further leave to amend and state a claim against McLaughlin would be futile.[2] *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (explaining "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an

---

[1] Bagley does provide some specifics in the Second Amended Complaint: he alleges presenting evidence to the Delaware County District Attorney, and he recounts specific interactions with the police department and "Defendant's Code Enforcement Depart [sic]." Second Am. Compl. ¶ 18, 49. He does not provide similarly specific factual allegations about McLaughlin, and it is unclear how his allegations indicate any potential personal involvement on McLaughlin's part.

[2] The Court previously explained it dismissed Bagley's § 1983 claim against McLaughlin without prejudice "[b]ecause there are no facts about McLaughlin in the Amended Complaint." Mem. Aug. 7, 2023, at 3 n.1.

amendment would be inequitable or futile."). Thus, this motion to dismiss is granted with prejudice.

An appropriate Order follows.

                                            BY THE COURT:

                                            <u>/s/ Juan R. Sánchez</u>
                                            Juan R. Sánchez, C.J.